USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
ORIGINAL
DOC #:
DATE FILED: MAR 0 8 2017

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
         - v. -                  :    INDICTMENT
                                 :
KEVIN WALKER,                    :    S1 16 Cr. 567 (JSR)
    a/k/a "Bosco," and           :
TYRONE WALKER,                   :
                                 :
              Defendants.        :
- - - - - - - - - - - - - - - - X
```

## COUNT ONE
(Hobbs Act Robbery Conspiracy)

The Grand Jury charges:

1. From at least in or about December 2014, up to and including at least in or about February 2015, in the Southern District of New York and elsewhere, KEVIN WALKER, a/k/a "Bosco," and TYRONE WALKER, the defendants, together with others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, KEVIN WALKER, a/k/a "Bosco," and TYRONE WALKER agreed to commit gunpoint robberies of food and beverage delivery truck drivers in the Bronx, New York, and New York, New York.

(Title 18, United States Code, Section 1951.)

## COUNT TWO
### (Hobbs Act Robbery)

The Grand Jury further charges:

2.    On or about February 5, 2015, in the Southern District of New York and elsewhere, KEVIN WALKER, a/k/a "Bosco," and TYRONE WALKER, the defendants, and others known and unknown, unlawfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, KEVIN WALKER and TYRONE WALKER committed a gunpoint robbery of a dairy delivery truck driver in the vicinity of 3917 White Plains Road in the Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE
### (Firearms Offense)

The Grand Jury further charges:

3.    From at least in or about December 2014, up to and including at least in or about February 2015, in the Southern District of New York and elsewhere, KEVIN WALKER, a/k/a "Bosco," and TYRONE WALKER, the defendants, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, namely, (i) the Hobbs Act robbery conspiracy charged

in Count One of this Indictment, and (ii) the Hobbs Act robbery charged in Count Two of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished and discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 2.)

## FORFEITURE ALLEGATION

4. As a result of committing the offenses alleged in Counts One and Two of this Indictment, KEVIN WALKER, a/k/a "Bosco," and TYRONE WALKER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

5. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

      (Title 18, United States Code, Section 981;
  Title 21, United States Code, Section 853(p); and
   Title 28, United States Code, Section 2461(c).)

FOREPERSON

PREET BHARARA MS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

KEVIN WALKER, a/k/a "Bosco,"
and
TYRONE WALKER,

Defendants.

---

INDICTMENT

S1 16 Cr. 567 (JSR)

(18 U.S.C. §§ 1951, 924(c) and 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

FOREPERSON

3/8/17 - Filed Superseding Indictment.