```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -  x
                                :
UNITED STATES OF AMERICA        :   SUPERSEDING
                                :   INFORMATION
        - v. -                  :
                                :   S2 16 Cr. 567 (JSR)
TYRONE WALKER,                  :
                                :
            Defendant.          :
                                :
                                :
- - - - - - - - - - - - - - -  x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 1 3 2017

**COUNT ONE**
(Hobbs Act Robbery Conspiracy)

The United States Attorney charges:

1. From at least in or about late October 2014, up to and including at least in or about February 2015, in the Southern District of New York and elsewhere, TYRONE WALKER, the defendant, together with others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, TYRONE WALKER agreed to commit gunpoint robberies of food and beverage delivery truck drivers in the Bronx, New York, and New York, New York.

(Title 18, United States Code, Section 1951.)

## COUNT TWO
(Hobbs Act Robbery)

The United States Attorney further charges:

2. On or about February 5, 2015, in the Southern District of New York and elsewhere, TYRONE WALKER, the defendant, and others known and unknown, unlawfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, TYRONE WALKER aided and abetted in the commission of a gunpoint robbery of a dairy delivery truck driver in the vicinity of 3917 White Plains Road in the Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE
(Firearms Offense)

The United States Attorney further charges:

3. From at least in or about late October 2014, up to and including at least in or about February 2015, in the Southern District of New York and elsewhere, TYRONE WALKER, the defendant, during and in relation to crimes of violence for which he may be prosecuted in a court of the United States, namely, (i) the Hobbs Act robbery conspiracy charged in Count One of this Information,

2

and (ii) the Hobbs Act robbery charged in Count Two of this Information, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished and discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 2.)

## COUNT FOUR
### (Witness Tampering)

The United States Attorney further charges:

4. From at least in or about January 2017, up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, TYRONE WALKER, the defendant, knowingly did intimidate, threaten, and corruptly persuade another person, and attempt to do so, and engage in misleading conduct toward another person, with intent to influence, delay, and prevent the testimony of any person in an official proceeding, to wit, WALKER, believing that a particular individual would testify against him at trial, persuaded that individual to provide false statements to law enforcement in connection with trial preparation.

(Title 18, United States Code, Section 1512(b)(1).)

## FORFEITURE ALLEGATION

5. As a result of committing the offenses alleged in Counts

3

One and Two of this Information, TYRONE WALKER, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

6. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853(p); and
Title 28, United States Code, Section 2461(c).)

*Joon Kim*
JOON H. KIM
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

- v. -

**TYRONE WALKER,**

Defendant.

## SUPERSEDING INFORMATION

S2 16 Cr. 567 (JSR)

(18 U.S.C. §§ 1951, 924(c), 1512(b)(1), and 2.)

JOON H. KIM
Acting United States Attorney.